UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS CORTEZ,

        Petitioner,                    Civil No. 2:22-cv-12234

                                              Honorable Paul D. Borman

v.

JONATHAN HEMINGWAY and
FEDERAL BUREAU OF PRISONS,

        Respondents.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Federal inmate Jesus Cortez ("Petitioner"), confined at the Milan Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges the finding by the federal Bureau of Prisons (BOP) that he is ineligible to receive certain credits against his sentence under the First Step Act of 2018 (FSA). For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

**I.**

On January 10, 2017, a jury in the United States District Court for the Western District of Texas convicted Petitioner of: (1) conspiracy to possess with

intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 846; (2) aiding and abetting the possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), 18 U.S.C. § 2; and (3) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).  The district court sentenced Petitioner to a term of 210 months' imprisonment with the drug convictions running concurrently for 150 months and the firearm conviction running consecutively to the drug convictions for 60 months.  (ECF No. 1, PageID.22-23.)

In his habeas petition, Petitioner asserts that the BOP impermissibly denied his time credits under the FSA.  Specifically, Petitioner argues that the BOP incorrectly determined that he is ineligible for the FSA time credits because of his conviction under 18 U.S.C. § 924(c).  Petitioner asserts that his time credits should be applied to the sentences he is currently serving for the two drug convictions because he has yet to serve his sentence for the § 924(c) conviction.  He requests that this Court order the BOP to grant his time credits and apply them toward his early release.  (ECF No. 1.)

## II.

After the filing of a habeas corpus petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, the Court concludes that the habeas corpus petition in this case must be dismissed.

### III.

The Court concludes that the petition for habeas corpus lacks merit because Petitioner is ineligible to receive the FSA time credits.

The FSA provides for time credits for prisoners who have successfully completed evidence-based recidivism reduction programs. *See* 18 U.S.C. § 3632(d)(4). Under the statute, however, a prisoner is ineligible to receive such

3

time credits if he or she "is serving a sentence for a conviction under" particular enumerated statutes, including 18 U.S.C. § 924(c). *See* 18 U.S.C. 3632(d)(4)(D)(xxii).

Petitioner maintains that, because his Section 924(c) sentence is ordered to run consecutive to his sentence for the other non-disqualifying offenses, he is not yet "serving" that 924(c) sentence and therefore is eligible to receive time credits. Federal courts have rejected this argument on the basis that consecutive and concurrent sentences must be treated as a single aggregate sentence. *See Ledford v. LeMaster*, No. 23-30-DLB, 2023 WL 2905376, at *2-3 (E.D. Ky. Mar. 26, 2023); *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *1-2 (D. Kan. Mar. 7, 2023) (citing *Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (noting that this argument has been consistently rejected by courts); *see also Giovinco v. Pullen*, No. 3:22-cv-1515, 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023); *Teed v. Warden*, No. 1:22-CV-1568, 2023 WL 1768121, at *2-3 (M.D. Pa. Feb. 3, 2023); *Keeling v. LeMaster*, No. 0:22-cv-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022), *appeal filed* (6th Cir. Dec. 29, 2022); *Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *2-6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022); *Frommie v. Federal Bur. of Prisons*, 4:22-CV-04082, 2022 WL 18399537, at *2-5 (D.S.D. Aug. 23, 2022), *report and*

*recommendation adopted*, 2022 WL 18399536 (D.S.D. Nov. 30, 2022)).

The Court agrees with the reasoning of these courts and rejects Petitioner's argument. 18 U.S.C. § 3584(c) mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Thus, because Petitioner is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied.

**IV.**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas corpus relief on his claim. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Lastly, a certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) ("The [federal statutory provision requiring a certificate of appealability] does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process."). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this

decision. The Court further denies Petitioner leave to appeal *in forma pauperis* because any appeal would not be taken in good faith.

    **IT IS SO ORDERED.**

                                                      s/Paul D. Borman
                                                      PAUL D. BORMAN
                                                      United States District Judge

Dated:  June 29, 2023